Kuncoro v. Garland

BIA
A099 073 432

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of June, two thousand twenty-one.

PRESENT:
> DEBRA ANN LIVINGSTON,
>> *Chief Judge,*
> JOSEPH F. BIANCO,
> WILLIAM J. NARDINI,
>> *Circuit Judges.*

_____

BAMBANG KUNCORO,
> *Petitioner,*

v.                                                          19-1487
                                                            NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**          Margaret W. Wong, Margaret Wong & Associates, Cleveland, OH.

**FOR RESPONDENT:**          Brian M. Boynton, Acting Assistant Attorney General; Song

Park, Acting Assistant Director; Shahrzad Baghai, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that this petition for review of a decision of the Board of Immigration Appeals ("BIA") is DENIED.

Petitioner Bambang Kuncoro, a native and citizen of Indonesia, seeks review of an April 25, 2019, decision of the BIA denying his motion to reopen his removal proceedings. *In re Bambang Kuncoro,* No. A099 073 432 (B.I.A. Apr. 25, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the BIA's denial of the motion to reopen for abuse of discretion and considered whether its conclusion regarding country conditions is supported by substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008). Kuncoro moved to reopen his removal proceedings to reapply for asylum, asserting that the persecution of Christians in Indonesia had increased since his hearing before an immigration judge ("IJ") in 2009. It is undisputed that Kuncoro's motion was untimely because he filed it more than seven years after the BIA's 2010 decision

2

affirming his removal order. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). However, the time limitation for filing a motion to reopen does not apply if reopening is sought to apply for asylum and the motion "is based on changed country conditions in the country of nationality . . . , if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). Substantial evidence supports the BIA's determination that Kuncoro's new evidence did not establish a material change in conditions in Indonesia.

Kuncoro submitted three exhibits to establish changed conditions in Indonesia. The first noted that intolerant groups "continued to disrupt religious gatherings, illegally closed houses of worship, and widely disseminated materials promoting intolerance," Cert. Admin. Rec. at 109, and reported that the Christian governor of Jakarta had been found guilty of blasphemy and sentenced to two years in prison. The second provided more detail about that blasphemy trial. The third described bombings of a Protestant church and a Buddhist temple in 2016. The BIA reasonably concluded,

3

however, that this evidence did not show a material change in conditions because the evidence before the IJ at the 2009 hearing described similar conditions for Christians in Indonesia.[1]  *See* 8 U.S.C. § 1229a(c)(7)(C); *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below.").

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court

---

[1] Kuncoro relies on a source he submitted before his 2009 hearing that reported improved conditions for *Chinese* Christians in Indonesia, to suggest that conditions have since worsened for Chinese Christians.  But Kuncoro's new exhibits describe only incidents of violence against Christians generally.  Thus, Kuncoro's evidence does not demonstrate a material change in conditions for either Chinese Christians specifically or Christians more broadly.